BLOOMER v. BUNTING. See Case No. 18,242.

BLOOMER v. DILWORTH. See Case No. 18,242.

BLOOMER v. DOUGLAS. See Case No. 18,242.

BLOOMER v. DRAHER. See Case No. 18,242.

BLOOMER v. HILL. See Case No. 18,242.

BLOOMER v. KELLY. See Case No. 18,242.

## Case No. 18,242.

BLOOMER v. McQUEWAN et al. SAME v. DILWORTH. SAME v. MASON et al. SAME v. MILLINGAR. SAME v. KELLY et al. SAME v. HILL et al. SAME v. DRAHER.[1]

Circuit Court. W. D. Pennsylvania. May 21, 1851.

PATENTS — VALIDITY — PLANING, TONGUING, AND GROOVING MACHINE.

[The Woodworth patent of December 27, 1828, and the reissue thereof granted July 8, 1845, are both valid.]

[Cited in Pitts v. Edmonds, Case No. 11,191.]

[1] [Not previously reported.]

Shaler & Stanton and G. G. Sickles, for plaintiff.

Dunlop & Loomis, for defendants.

GRIER, Circuit Justice (charging jury). As has been stated by the counsel for the plaintiff, the issues in this case were ordered by me, sitting on the equity side of the court, to ascertain—First. Was William Woodworth the original inventor of the machine patented by him on the 27th of December, 1828? Second. Is the reissued patent of July 8, 1845, for the same invention, intended to have been patented by the patent of December 27, 1828? This patent has been before me so often and for so long a time that it has become stereotyped. In a recent case tried by me at Philadelphia, under the apprehension that the jury might not agree, I gave them a month to consider, but they decided the case by rendering the verdict in a day. If the same question should again arise, I would not make a like order, because I am now perfectly satisfied. The first question you will ask will be, what did Woodworth invent? You know that, to entitle an inventor to a patent, his machine must be both new and useful. The intellectual production must differ from all others; it must have a distinctive character. It is plain, and the fact is admitted, that Woodworth did not invent circular cutters, rollers, nor cog work,—that is, the star gearing which has been spoken of,—nor an endless chain, nor did he invent pressure by a spring or by levers. Did Woodworth invent the machine patented to him on the 27th of December, 1828, as it is in combination? If he did, then he is entitled to the patent,—to the monopoly as a reward for his discovery. He was entitled to fourteen years, and in this case there have been two extensions of the patent, each for seven years, making, in the whole, twenty-eight years. Much is frequently said about the word "principle" in the trial of patent actions. It may be considered as the foundation of every invention. It is, however, a slippery word, meaning the modus operandi, or mode of operation. Have we any account of a patent or means to effect the same object—to do the same work—as is effected by the machine of Woodworth? A hundred trials have been had, including almost, if not quite, every circuit, but the patent has never been successfully assailed. There is no pretense that Woodworth was the inventor of the mechanical means detailed; but his claims cover a combination of tools which do the work. All the numerous attempts for a like purpose moved with the board or plank, and failed to do the work. Many persons came near being successful, but not one succeeded until the time of Woodworth. The art of printing was not discovered until very recently,—it was nearly perfected, but it was not successful until the fifteenth century. The art of printing calico preceded it, with the desire of intelligence exhibited by each

generation. It may be considered remarkable. It is the same with many other inventions which have since been added to the arts. People may be found who will swear that they know all about it, although no person can be found to corroborate such testimony. It is proper, perhaps, for counsel to do all that can be done, but such evidence cannot avail against the fact of an invention and the issue of a patent. In the trials which have been had in other circuits, resort has been made to the inventions of Bentham, Bramah, Muir, and also Uri Emmons. In the issues the counsel have abandoned the repetition and claims of the persons named. The cheat of Emmons is palpable. He cheated Woodworth out of one-half of his patent. The counsel have abandoned urging that objection.

The French patents were the only matters that I desired to hear about. They are, however, defunct things, dug out of the archives of a foreign office. Neither of them contain the elements of the Woodworth patent. The learned Prof. Locke has explained to you the several devices contained in the French patents, and the difference between the Woodworth cut and the cut of the French inventors. He has explained the matter fully. Woodworth invented, as I have already said, a combination of cutters and pressure rollers to effect an object. It accomplished the purpose. No man can appropriate the machine without authority. The pressure rollers, in his machine, may be graduated as may be desirable. The essence is to combine the whole to produce a beneficial result. The Frenchmen have been trying, but they are like Bentham and Bramah and Muir,—they have done nothing. The next question is, is the reissued patent of July 8, 1845, for the same invention, intended to have been patented by the patent of December 27, 1828? If the patents were alike, it would have been useless to have made the surrender. My Brother Story examined the old patent, and he informed the counsel for the patent that the ingenuity of the opponents of the patent would defeat it, if not amended. In consequence of that suggestion it was surrendered, and a new and amended patent applied for and granted. The court has examined the old patent, and find it to be imperfect. You will ask, what machine did Woodworth send to Pittsburgh in 1830? Was it a vertical machine, like the Dry Dock machine, which was at work in 1828, and all the world were running to look at? or was it a horizontal machine of the same kind? The tools in the first machine were the same as at present used. They were not quite so perfect as the tools which were put into the horizontal machine. Every mechanic would see the want of such tools. The Washington witnesses, whose depositions have been read, have supposed that the two patents must be alike. They have misapprehended the subject. Surely, if the first patent was imperfect, he had a right to surrender it. The question, therefore, is, what kind of a machine did Woodworth invent? Did the specification attached to the patent correspond with the machine? If not, he had a right to correct it. I have very little doubt about the question, and I think that you should not. If you agree in the affirmative, you will say so by adding "Yes" to the first question. The case, however, is with you.

Jury affirmed both questions.

[For cases involving this patent, see note to Bicknell v. Todd, Case No. 1,389.]